**SKUBOVIOUS, Appellant,**

**v.**

**CLOUGH; Drug Mart, Inc., Appellee.**

[Cite as *Skubovious v. Clough* (1996), 108 Ohio App.3d 316.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68834.

Decided Jan. 22, 1996.

*Michaele Tyner,* for appellant.

*Thomas P. Coffee,* for appellees.

SPELLACY, Chief Judge.

Plaintiff-appellant Juanita Skubovious ("appellant") appeals from the entry of summary judgment in favor of defendant-appellee Drug Mart, Inc. in a negligence action.

Appellant assigns the following errors for review:

"I. The trial court committed reversible error in granting summary judgment for appellee.

"II. The trial court committed reversible error in that appellee is not entitled to summary judgment as a matter of law."

Finding neither of the assignments of error to have merit, the judgment of the trial court is affirmed.

## I

On October 3, 1993, appellant was injured as she was entering the Drug Mart in Parma Heights. An automobile driven by Mary Clough had been parked in front of the Drug Mart, perpendicular to the entrance. As Clough started the car, it went forward instead of in reverse. The automobile went over the raised curb, across the sidewalk and into the front of the store. Clough's car struck appellant from behind as appellant stood in the open doorway. Appellant was thrown approximately ten feet until she hit a wall.

Appellant brought a suit against Clough and Drug Mart. Appellant averred that Drug Mart was careless and negligent for failing to adequately protect its business guests, as its layout was a dangerous condition.

Drug Mart filed a motion for summary judgment, arguing that it was not negligent under both premises liability and foreseeability. Drug Mart argued that it owed appellant a duty of ordinary care requiring it to warn her of latent or concealed defects. Also, there was no evidence of any such prior accidents at this Drug Mart which would have led Drug Mart to foresee the occurrence and guard against the possibility.

Appellant answered and argued that there were disputes regarding material questions of fact as to whether Drug Mart failed to provide adequate protection to its business invitees. Appellant appended a report from a registered architect which stated that the use of steel bollards and precast concrete parking curbs would provide a much greater degree of safety at Drug Mart's entry doors.

The trial court granted Drug Mart's motion for summary judgment and stated that there was no just reason for delay. The claim against Clough remains below.

## II

In her first assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of Drug Mart. Appellant argues that whether Drug Mart breached its duty of care to her was a question of fact to be resolved by the finder of facts. Appellant asserts that whether the raised curb provided adequate protection or if more was required is a disputed fact.

This case was disposed of by summary judgment. Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615. Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a light favorable to the nonmoving party. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 104, 19 OBR 261, 264–265, 483 N.E.2d 150, 154. It should be awarded with caution only after doubts are resolved and evidence construed in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

In order to defeat a motion for summary judgment in a negligence action, the plaintiff must identify a duty owed her by the defendant. *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532. This

evidence, construed most strongly in the plaintiff's favor, must be sufficient to allow reasonable minds to infer that a specific duty was breached, that the breach was the proximate cause of plaintiff's injury, and that the plaintiff was injured. *Id.*

Whether a defendant owes a duty to a plaintiff depends on the relationship between them. *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 98, 543 N.E.2d 1188, 1192. A business invitee is one who comes upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453. A merchant owes patrons and prospective customers upon the premises of a shopping center a duty to exercise ordinary care for their safety, which is the degree of care exercised by a reasonable and prudent person. *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 566 N.E.2d 698. The merchant or owner of premises must maintain the premises in a reasonably safe condition and warn the invitee of latent or concealed defects of which the merchant or owner has or should have knowledge. *Kubiszak v. Rini's Supermarket* (1991), 77 Ohio App.3d 679, 603 N.E.2d 308. The duty of care extends to providing a reasonably safe ingress or egress. *Tyrrell v. Invest. Assoc., Inc.* (1984), 16 Ohio App.3d 47, 16 OBR 50, 474 N.E.2d 621. However, a merchant is not an insurer of the customer's safety. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474.

Appellant argues that Drug Mart did not provide adequate protection to its customers because only a raised curb formed a barrier between the parking lot and the sidewalk in front of the store. The use of either steel bollards or precast concrete parking curbs or both would provide a greater degree of safety to Drug Mart's business invitees and would have prevented this accident.

There is nothing in the record showing any previous accident on the premises of Drug Mart similar to what occurred in the instant case. Although the use of the safety devices mentioned by appellant would have prevented this accident, Drug Mart is not required to guard against injury which may result from any possible incident. Drug Mart did not violate its duty of ordinary care owed to appellant.

Appellant's first assignment of error is not well taken.

### III

In her second assignment of error, appellant argues that the issue of foreseeability is a matter for jury determination. Appellant asserts that Drug Mart breached its duty to its business invitees by exposing them to an unreason-

able risk of harm and should have foreseen that an automobile could be driven over the curb and across the sidewalk, striking a patron.

"The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180, 472 N.E.2d 707, 710.

 There is nothing in the record showing that anything resembling the instant case had ever occurred on the premises of Drug Mart. An automobile being driven over a curb, across a sidewalk and into a building is an unusual incident. A reasonably prudent person would not have anticipated that such an injury would result from normal, everyday activities. The issue of foreseeability was not one requiring resolution by a jury in the instant case.

The trial court did not err in granting Drug Mart's motion for summary judgment.

Appellant's second assignment of error is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY and PATTON, JJ., concur.