OPINION
Plaintiff-appellant, Deborah Carrozza, appeals a Butler County Court of Common Pleas decision granting summary judgment to defendants-appellees, Rodney A. DeRoy and Olympia Management, Ltd. and dismissing her "slip and fall" complaint. Carrozza complains that summary judgment was inappropriate. Appellees complain under a cross-assignment of error that the trial court erred by granting only "partial" summary judgment.
On January 4, 1995, Carrozza was injured when she slipped in an ice-filled pothole in the parking lot outside of a Nationwise Auto Parts store in Middletown, Ohio where she worked. Nationwise leased the premises from appellee DeRoy. Appellee Olympia Management, Ltd. managed the premises for DeRoy. Appellees had previously received two letters notifying them of the need for repairs to the parking lot. One certified letter dated September 22, 1994, just over three months before Carrozza's accident, advised that a patron had fallen in the parking lot "due to holes in the surface."
Carrozza's accident occurred between 9:30 p.m. and 9:45 p.m. as she walked across the parking lot to her car. Carrozza left through the front door of the store that night; she only left through the front door when she was scheduled to close the store. According to Carrozza, the lighting was "poor, no lighting, very poor." Carrozza acknowledged that she had previously walked in the same general direction across the parking lot at night, but she indicated that she had never before used the particular path she used on the night of the accident. Carrozza claimed that she was not aware of the condition of the parking lot before the accident, although she acknowledged that she had noticed "patches," apparently referring to areas where potholes had been repaired. Carrozza fell when she stepped into a pothole with her left foot and slipped on ice that had accumulated there.
On December 4, 1995, Carrozza filed a complaint for damages against Olympia, DeRoy, and Nationwise.[1] On August 6, 1996, Olympia and DeRoy filed a motion for summary judgment. They argued that they owed no duty to Carrozza and, alternatively, argued that the condition that caused Carrozza's injury was "open and obvious." The trial court granted "partial summary judgement." The trial court found that appellees had a duty to repair the parking lot, but said "that the issue of whether defendants breached their duty to repair the parking lot in question is not in issue in this motion and therefore, need not be decided at this time." The court went on to say that even if the parking lot was in disrepair, "we also find that (1) the conditions of the parking lot were open and obvious; (2) [Carrozza] was fully aware of the condition of the parking lot; (3) the plaintiff knowingly walked through the parking lot; (4) the plaintiff's knowledge of the physical condition of the parking lot was at least equal to that of the defendants * * *; (5) the plaintiff was negligent in traversing the parking lot; and (6) in the alternative, the defendants * * * were not liable for plaintiff's injuries which resulted from the natural accumulation of ice or snow."
On appeal, Carrozza complains under a single assignment of error that the trial court improperly granted summary judgment. She claims that genuine issues of material fact exist that the hazard posed by the pothole was not open and obvious. She also argues that genuine questions of material fact exist that the ice in the pothole was not a "natural accumulation." Appellees complain in a cross-assignment of error that the trial court erred in holding that they had a duty to maintain the parking lot.
 DISCUSSION
A. Standard for Summary Judgment
To defeat a summary judgment motion in a negligence action, a plaintiff must demonstrate, with all evidence construed most strongly in the plaintiff's favor, that the defendant owed the plaintiff a specific duty, that the defendant breached that duty, and that the breach of duty proximately caused the plaintiff to sustain a loss or injury. See Skubovious v. Clough (1996),108 Ohio App.3d 316, 319-20. A trial court, however, must award summary judgment with caution, being careful to construe the evidence and resolve all doubts in favor of the non-moving party. See Leibreich v. A.J. Refrigeration, Inc. (1993), 67 Ohio St.3d 266,269. In reviewing summary judgment, an appellate court applies the same standard the trial court must apply. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36; Hallett v. Stow Bd. of Edn. (1993), 89 Ohio App.3d 309, 314. In other words, this court should not afford special deference to the trial court's judgment, but must instead independently review the record available to the trial court. See Beardsley v. Manfredi Motor Transit Co. (1994), 97 Ohio App.3d 768, 769.
B. The Elements of Negligence
1. Existence of a Duty
In their cross-assignment of error, appellees claim they owed no duty to Carrozza as a matter of law. Appellees argue they were not in possession or control of the parking lot. The trial court, however, properly rejected this argument.
Appellees are correct that a landlord's liability is an incident of control over the premises: "It is a fundamental tenet of premises tort law that to have a duty to keep premises safe for others one must be in possession and control of the premises." Wireman v. Keneco Dist. Inc. (1996), 75 Ohio St.3d 103, 108. In determining the issue of control between a landlord and tenant, the logical starting point is the lease. See Beaney v. Carlson (1963), 174 Ohio St. 409, 412. In Beaney, the plaintiff was injured near the parking lot outside of the defendant's store. In determining who had control over the premises, the supreme court compared the commercial parking lot, which was owned by a shopping center, to the common area of an apartment house. Id. at 411. After reviewing the lease, the supreme court concluded that the lessor, not the defendant-lessee, had control over the parking lot and adjacent sidewalk. Id. at 412. See, also, Simpson v. Big Bear Stores Co. (1995), 73 Ohio St.3d 130, 134 (in shopping center setting, each business owner is responsible for area of its leasehold, and the entire common area is the responsibility of the entity in control of the common area).
The lease between Nationwise and DeRoy provides that the tenant and the tenant's customers, employees, and visitors have the non-exclusive right, "in common with all others granted such rights," to use the common areas. Section eight of the lease, however, specifically provides that the landlord is responsible for making repairs to the parking lot. Moreover, section thirteen of the lease provides that the "[l]andlord shall exclusively operate, manage, equip, light, repair and maintain the Common Areas * * *." The lease also specifically provides that the "[l]andlord agrees to keep the Common Areas clean and well lighted, to remove snow from the parking areas and driveways as promptly as possible."
Under these circumstances, the trial court correctly concluded that appellees were in control of the parking lot where Carrozza was injured. The trial court, therefore, did not err in concluding that appellees had a duty to maintain the parking lot. Appellees' cross-assignment of error is overruled.
2. Carrozza's Status and the Standard of Care
Appellees do not challenge Carrozza's contention that she was a "business invitee." The supreme court, however, recently said "[t]he legal duty that a landlord owes a tenant is not determined by the common-law classifications of invitee, licensee, and trespasser under the law of premises liability; instead, a landlord's liability to a tenant is determined by a landlord's common-law immunity from liability and any exceptions to that immunity that a court or a legislative body has created." Shump v. First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414,418.[2] Nevertheless, whether Carrozza is viewed as a business invitee, a tenant, or a guest of a tenant, appellees' duty toward her is substantially the same. Generally, the owner or occupier of land owes a duty of ordinary care to invitees and must maintain the land in a reasonably safe condition. Scheibel v. Lipton (1951), 156 Ohio St. 308; Hallett, 89 Ohio App.3d at 314. Likewise, a landlord has a duty to maintain common areas in a reasonably safe condition, see R.C. 5321.04(A)(3), and that duty applies to anyone lawfully on the premises. See Shump at 418.
3. Proximate Cause and the Open and Obvious Doctrine
The supreme court has said that "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself from them." Sidle v. Humphry (1968), 13 Ohio St.2d 45, paragraph 1 of the syllabus. The so-called "open and obvious doctrine" intervenes between the duty of an owner or occupier to maintain premises in a reasonably safe condition and proximate cause for an accident. Courts sometimes rely on the doctrine to justify summary judgment regardless of the owner's general duty to maintain the property in a reasonably safe condition.[3]
The rationale underlying application of the open and obvious doctrine to support summary judgment was far more persuasive when a plaintiff's negligence completely barred recovery in Ohio. Several appellate courts, however, continue to apply the open and obvious doctrine despite Ohio's adoption of comparative negligence. See, e.g., Anderson v. Ruoff (1995), 100 Ohio App.3d 601,604, citing Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642
(supreme court refused to apply doctrine to contractors, but did not address continued viability of doctrine in relation to owners of land). It is critical, however, to distinguish between a defendant's duty of care and a plaintiff's comparative negligence, because issues of comparative negligence are for the trier of fact unless the evidence is so compelling that reasonable minds can only come to one conclusion. Simmers at 646.
4. Attendant Circumstances
There are attendant circumstances in this case that render application of the open and obvious doctrine difficult. For example, Carrozza's deposition and affidavit testimony raises a question of fact that the parking lot was poorly lit. An open and obvious hazard during the day or under appropriate lighting conditions may not be open and obvious at night or under inappropriate lighting conditions. See Sharp v. Norfolk W. Ry. Co. (1988), 26 Ohio St.3d 172, 174, quoting Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66, 69 (where discernibility is at issue, public policy favors approach of submitting questions of reasonable discernibility to a jury).
Carrozza indicated that before the night of her accident, she had not used that particular path to her car. Appellees emphasize that she had walked in that "general direction" under similar lighting conditions before the accident. However, if the pothole was not visible under those lighting conditions, Carrozza would not have discovered that condition no matter how often she had walked in that general direction.
The role ice played in Carrozza's fall also complicates the analysis here. Although an owner or occupier of land ordinarily has no duty to remove or warn of natural accumulations of ice and snow on its premises, Brinkman v. Ross (1993), 68 Ohio St.3d 82, an owner or occupier may be negligent in permitting and or creating a dangerous or unnatural accumulation of snow and ice. Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204, 207. See, also, Marshall v. Plainville IGA (1994), 98 Ohio App.3d 473 (question of fact existed whether a one and one-half inch deep trough in a parking lot was a substantial defect allowing ice to accumulate artificially).[4] Moreover, an owner or occupier may be liable for a highly dangerous condition caused by a combination of factors including construction defects in the premises and adverse weather conditions. See Chadwick v. Barba Lou, Inc. (1982), 69 Ohio St.2d 222, 230.
 ANALYSIS
After thoroughly reviewing the record, this court is concerned that the trial court did not view the evidence in the light most favorable to Carrozza. For example, the trial court did not even consider Carrozza's testimony that the parking lot was poorly illuminated, although appellees had a duty under their lease with Nationwise to "keep the Common Areas clean and well lighted."[5] Appellees' alleged failure to provide adequate lighting in the parking lot is an attendant circumstance here that the trial court should not have ignored.
The trial court found that the conditions of the parking lot were open and obvious and that Carrozza was fully aware of those conditions. Carrozza, however, testified that she was not aware of the condition of the parking lot (although she did acknowledge that she had seen "patches"). Her testimony might not be very credible given that she worked at Nationwise for about four months before the accident. Credibility, however, is for the trier of fact.
The trial court also found that Carrozza's knowledge of the physical condition of the parking lot was at least equal to that of the defendants. However, even if this court were to agree with the trial court that Carrozza should have been aware of the condition of the parking lot as a matter of law, appellees arguably had superior knowledge of the particular danger, since appellees knew that someone had previously injured themselves in a pothole. Carrozza had no prior knowledge of the previous accident.
Moreover, although a plaintiff's negligence will not necessarily bar recovery in Ohio, the trial court concluded that Carrozza was negligent in traversing the parking lot. In Ohio, however, negligence is never presumed. Biery v. Penn. R.R. Co. (1951),156 Ohio St. 75. The general rule is that there is no inference or presumption of negligence from mere injury or accident. Gayheart v. Dayton Power light Co. (1994), 98 Ohio App.3d 220, 229-30, citing Laughlin v. Cleveland (1959), 168 Ohio St. 576. Although the existence of a duty is a question of law, a determination of negligence is a question of fact. Besides the accident itself, there is no support for the trial court's "finding" that Carrozza was negligent.
 CONCLUSION
The trial court correctly concluded that appellees had a duty to repair the parking lot in question. This court is not convinced, however, that the trial court considered the evidence most favorably to Carrozza when it concluded that the condition of the parking lot was open and obvious, that Carrozza was fully aware of the condition of the parking lot, and that Carrozza's knowledge of the hazard was at least equal to appellees' knowledge. This court is convinced that if the evidence is viewed most favorably to Carrozza, reasonable minds could conclude that the alleged hazard posed by the parking lot was not open and obvious. Therefore, Carozza's single assignment of error is sustained.
Judgment reversed.
KOEHLER and POWELL, JJ., concur.
[1] Carrozza later dismissed her complaint against Nationwise.
[2] Some commonly accepted exceptions include failure to disclose known, non-obvious latent defects, defective premises held open for public use, defective areas under the landlord's control, failure to perform a covenant to repair, and negligent performance of a contractual or statutory duty to repair. Shump at 418. If an exception applies, a landlord's duty is defined by general principles of negligence. Id. at fn. 3.
[3] Another doctrine that is said to intervene between a defendant's duty to maintain premises in a reasonably safe condition and proximate cause for an injury is the "insignificant defect" doctrine. Appellees never claimed that any pothole in the parking lot was an insignificant defect, probably because such an argument would undercut their contention that the condition of the parking lot was "open and obvious."
[4] Carrozza testified that she slipped on ice in the pothole, but did not notice ice or snow elsewhere. Appellees introduced evidence that there was no precipitation in Middletown the day of or the day prior to the accident. Under these circumstances, Carrozza may be entitled to an inference that the ice would not have formed but for the pothole. Whether the formation of ice in a pothole is a "natural or unnatural accumulation" is another matter, however, that this court will not now address.
[5] Of course, an individual should exercise greater care walking across a parking lot at night. See Jeswald v. Hutt (1968),15 Ohio St.2d 224 (darkness is always a warning of danger and for one's own protection it may not be disregarded).