**WHITE et al., Appellants,**

**v.**

**EUCLID SQUARE MALL et al., Appellees.**

[Cite as *White v. Euclid Square Mall* (1995), 107 Ohio App.3d 536.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68062.

Decided Nov. 27, 1995.

*Marjory White, pro se.*

*Reid, Berry & Stanard, Mildred S. Collins* and *Frank Soldat,* for appellees.

JAMES M. PORTER, Judge.

Plaintiffs-appellants Marjory and Richard White appeal from a jury verdict and judgment in favor of defendants-appellees Euclid Square Mall and General Growth Management arising out of their claim that the Mall failed to maintain adequate security to prevent plaintiff from being knocked over and injured by two rowdy boys frequenting the area of the mall. Appellants' sole assignment of error is that the jury's verdict and judgment were against the manifest weight of the evidence. We find no error and affirm.

On March 6, 1993, plaintiff was on her way to work at a store in the mall when she was knocked over and injured by two boys who were fighting and chasing each other in the mall concourse. A clerk at a nearby store had observed a group of eight boys roughhousing and engaging in sporadic horseplay for about an hour before the accident. Although the clerk was aware that she could have called security to control or eject them, she did not think it was enough of a problem since their rowdy behavior was not continuous.

Plaintiff contended at trial that the mall failed to follow its own published security guidelines in controlling the situation. The evidence disclosed that the security personnel were unaware of the group or its activities although they patrolled the mall on a regular basis. No one had been previously hurt as a result of such conduct. Defendants claimed that the injury to plaintiff was not foreseeable under these circumstances.

Following a jury verdict and judgment for defendants, this appeal timely ensued.

Plaintiffs' sole assignment of error states as follows:

"The verdict is against the manifest weight of the evidence."

Plaintiffs contend that the mall's failure to follow its own security guidelines, which would have called for dispersing the offending youths, led to plaintiff's injury. Accordingly, plaintiffs contend that the jury verdict was against the manifest weight of the evidence, entitling them to a new trial.

■ Our review of a jury verdict as being against the manifest weight of the evidence is extremely limited. The standard for reviewing such a claim is set forth in *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350. Therein, the Ohio Supreme Court stated:

"In reviewing the court's judgment, we are guided by the principle that judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Every reasonable presumption must be made in favor of the judgment and the findings of facts. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. Finally, if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment. *Seasons Coal Co., supra; Gates v. Bd. of Edn. of River Local School Dist.* (1967), 11 Ohio St.2d 83, 40 O.O.2d 91, 228 N.E.2d 298; *Ross v. Ross* (1980), 64 Ohio St.2d 203, 204, 18 O.O.3d 414, 415, 414 N.E.2d 426, 428." *Karches,* 38 Ohio St.3d at 19, 526 N.E.2d at 1357.

■ The role of a business establishment in supplying sufficient security to protect its business invitees is well stated in this court's decision in *Reitz v. May Co. Dept. Stores* (1990), 66 Ohio App.3d 188, 583 N.E.2d 1071. In *Reitz,* the plaintiffs sued May's-on-the-Heights for failing to provide adequate security in its parking lot, where plaintiff was accosted, stabbed and had her car stolen. The court affirmed a directed verdict for May's and held it did not have a duty to furnish outdoor security in the parking lot. Relevant portions of the court's opinion are as follows:

"Actionable negligence requires the showing of a duty, the breach of that duty and an injury proximately resulting therefrom. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616. Because of the special relationship between a business and its customer, a business 'may be subject to liability for harm caused to such a business invitee by the conduct of third persons that endangers the safety of such invitee. * * *' *Howard v. Rogers* (1969), 19 Ohio St.2d 42, 48 O.O.2d 52, 249 N.E.2d 804, paragraph one of the syllabus. However, a business is not an insurer of the safety of its patrons while they are on its premises. *Id.* at paragraph two of the syllabus. Thus, the duty to protect invitees from the criminal acts of third parties does not arise if the business 'does not, and could not in the exercise of ordinary care, know of a danger which causes injury to [its] business invitee. * * *' *Id.* at paragraph three of the syllabus.

"The existence of a duty therefore will depend upon the foreseeability of harm. *Jeffers, supra,* 43 Ohio St.3d at 142–143, 539 N.E.2d at 617; *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 15 OBR 179, 472 N.E.2d 707.

" * * *

"In addition to the totality of the circumstances presented, a court must be mindful of two other factors when evaluating whether a duty is owed in cases such as this one. The first is that a business is not an absolute insurer of the safety of its customers. The second is that criminal behavior of third persons is not predictable to any particular degree of certainty. It would be unreasonable, therefore, to hold a party liable for acts that are for the most part unforeseeable. Thus, the totality of the circumstances must be somewhat overwhelming before a business will be held to be on notice of and therefore under the duty to protect against the criminal acts of others." *Reitz,* 66 Ohio App.3d at 191–194, 583 N.E.2d at 1073–1075. See, also, *Feichtner v. Cleveland* (1994), 95 Ohio App.3d 388, 396, 642 N.E.2d 657, 662–663 ("This court has held that the foreseeability of criminal acts will depend upon the *knowledge* of the defendant-business, which must be determined from the totality of the circumstances").

■ The trial court carefully and fully instructed the jury on the same legal principles outlined in the *Reitz* case. Counsel for the parties did not object to the charge. The issue of foreseeability was squarely submitted to the jury and was the subject of disputed evidence. There was evidence presented that (1) the group of teenagers was observed for over an hour by an employee of a nearby store, and that she never considered their activities dangerous enough to call security, although she had the phone number next to her station; (2) the activities observed by the witness included "a couple of boys wrestling" on the floor for "a couple of minutes," but "mainly it was a lot of noise"; (3) during the five years that the security chief worked in the mall there were no other incidents of "rowdy" groups of teenagers injuring persons at the mall; (4) it was security's first encounter with these particular boys; and (5) the "rule" posted as to limiting groups to five people was concerned with blocking access to stores by "congestion of the area rather than danger to other customers or people in the mall."

There was no evidence presented that (1) the security forces were aware of the group of boys or their activities; (2) the security procedures followed by defendants were not reasonable under the circumstances; (3) there was a substantial likelihood of injury to customers or invitees of the mall based on activities of rowdy teenagers or groups of five or more; (4) any similar problem had ever resulted in injury at Euclid Square Mall.

The jury had sufficient evidence to support a finding that the incident causing injury to plaintiff was not foreseeable by defendants or that they had no duty to prevent it. The jury was properly instructed on the law. Given our obligation to defer to the fact-finding prerogatives of the jury, we cannot find on this record that the jury lost its way and caused a miscarriage of justice by their verdict.

They resolved disputed facts in favor of the defendants and that is where the matter should be allowed to rest.

Plaintiffs' assignment of error is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and DYKE, J., concur.