OPINION
Appellants Intrinsics International, Inc., Circuitronics, Inc. and Assemblics, Inc. appeal from a common pleas court judgment in favor of appellee Coopers Lybrand, LLP, following trial. Appellants argue:
 I. THE VERDICT WAS AGAINST THE WEIGHTS [sic] OF THE EVIDENCE WHICH WAS UNREBUTTED AS TO COOPERS LYBRANDS [sic] NEGLIGENCE.
 II. THE TRIAL COURT ERRED IN INSTRUCTING THE JURY THAT THE NEGLIGENCE OF EMPLOYEES MUST BE IMPUTED TO THE COMPANY WHERE THE COMPANY IS THE VICTIM OF SUCH NEGLIGENCE AND WHERE AN AUDITOR FAILS TO DISCOVER OR REPORT SUCH NEGLIGENCE TO MANAGEMENT.
For the following reasons, we overrule each of these assignments of error and affirm the trial court's judgment.
 FACTUAL AND PROCEDURAL HISTORY
The amended complaint in this case alleged that appellants engaged appellee to audit their 1995 and 1996 financial statements. In conducting the audits, appellee learned, but did not inform appellants, that appellants' employees had not timely paid certain taxes and fees, resulting in liability for substantial interest and penalties. Three counts of the amended complaint alleged that appellee was negligent; a fourth count alleged that the negligent conduct breached the contracts between the parties. Appellee answered and counterclaimed for payment for its professional services.
The case proceeded to trial. The evidence at trial demonstrated that appellants retained appellee to audit their 1995 financial statements pursuant to a letter of engagement dated August 29, 1996. In March 1997, appellee was retained to audit appellants' financial statements for 1996. During the audits, appellants' controller informed appellee that appellants were delinquent in their payments of payroll taxes and owed interest and penalties. Appellee did not discuss this matter with appellants' chief executive officer. Appellee was not retained to perform payroll or to review and report on appellants' internal controls.
The jury returned verdicts in favor of appellee on both the complaint and the counterclaim. The court accordingly entered judgment in appellee's favor.
 LAW AND ANALYSIS
In their first assignment of error, appellants complain that the jury's verdict contravenes the manifest weight of the evidence. The jury's answers to interrogatories concluded that appellants had failed to prove that appellee was negligent. Appellants complain that they submitted evidence to support every element of a negligence claim and that appellee did not refute that evidence.
Even if we accept appellants' argument as true, the fact that there might have been sufficient evidence in the record to support a verdict in appellants' favor does not mean the jury was required to make that finding.
In assessing whether a verdict is against the manifest weight of the evidence, we are guided by a presumption that the findings of the trier of fact were correct. This deference to the fact-finder is based upon the factfinder's superior ability to observe the witnesses and weigh their credibility. Judgments supported by some competent credible evidence will not be reversed as being against the weight of the evidence. See, e.g., White v. Euclid Square Mall (1995), 107 Ohio App.3d 536, 538-39.
There was competent, credible evidence in the record from which the jury could have concluded that appellee owed no duty to inform appellants about delinquent payroll taxes. There was evidence in the record that appellee was not retained to perform payroll tax functions or to examine appellants' internal controls. Moreover, there was evidence that appellants' chief executive officer and his wife were already aware of the delinquent payroll taxes; the jury could have found that appellee had no duty to inform appellants of something they already knew. Finally, it was in the the jury's province to assess the crediblity of appellants' expert witness, who opined that appellee had a duty to report to management possibly illegal acts such as the failure to file tax returns.
We find the verdict is supported by some competent and credible evidence and therefore overrule the first assignment of error.
Appellants' second assignment of error complains that the court erroneously instructed the jury that the negligence of appellants' employees in failing to timely pay their taxes could be attributed to appellants in assessing whether appellants were comparatively negligent. Even if this instruction were erroneous, however, the error could not have affected the outcome of this case. The jury found appellee was not negligent, so it never reached the question of comparative negligence. Therefore, we overrule the second assignment of error.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
JAMES D. SWEENEY, J. and PATRICIA A. BLACKMON, J. CONCUR