OPINION
{¶ 1} This accelerated calendar appeal stems from a judgment rendered by the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, the Cafaro Company, on appellants', Ashley Rozzi ("Ashley"), a minor, and Vicki Tomski ("Vicki"), her mother and natural guardian, claim for negligence.
{¶ 2} The following procedural history is relevant to the instant appeal. On June 8, 1999, appellants filed a complaint alleging that on June 11, 1998, Ashley was assaulted and battered while sitting on a bench inside the Eastwood Mall. The complaint alleged that "[t]he acts of defendant Cafaro in not providing adequate security inside a mall the size of Eastwood amounts to negligence which was a direct and proximate result of the injuries sustained by plaintiffs * * *." On August 16, 1999, the Cafaro Company filed an answer which essentially contained a general denial of appellants' allegations.
{¶ 3} On May 17, 2001, the Cafaro Company filed a motion for summary judgment arguing that it was not the owner of the Eastwood Mall on June 11, 1998 when Ashley was assaulted and battered. Rather, the Eastwood Mall was owned and operated by Marion Plaza, Inc. ("Marion Plaza"), which had not been named as a party defendant in the lawsuit. From this, the Cafaro Company concluded that it was entitled to summary judgment because appellants had no liability claim against it.
{¶ 4} To support its position, the Cafaro Company submitted the affidavits of Ronald J. Ross ("Mr. Ross"), Timothy J. Matune ("Mr. Matune"), and Kenneth Kollar ("Mr. Kollar"). According to Mr. Matune, the secretary of the Cafaro Company, the company did not own, operate, maintain, or have any management responsibility in relation to the Eastwood Mall at the time Ashley was attacked. Further, Mr. Ross, the assistant secretary of Marion Plaza, stated that Marion Plaza owned and operated the Eastwood Mall on the day Ashley was attacked. Similarly, Mr. Kollar, the property manager for the Eastwood Mall, confirmed that Marion Plaza was the owner of the Eastwood Mall.
{¶ 5} Next, the Cafaro Company claimed that even if some duty was owed by the property owner, Marion Plaza, this duty was not breached because the assault and battery of Ashley at the Eastwood Mall was not foreseeable.[1] To support its position, the Cafaro Company relied on the affidavit of Mr. Kollar, who stated that for two years prior to Ashley's attack in June 1998, there was only one remotely similar incident of violence within the common areas of the Eastwood Mall, which occurred in December 1997.[2]
{¶ 6} On June 28, 2001, slightly over a month after the summary judgment motion was filed, appellants filed a motion for leave to amend the complaint in conjunction with their response in opposition to the motion for summary judgment. In their motion for leave to amend the complaint, appellants sought to substitute Marion Plaza in place of the Cafaro Company on the basis that "[appellants] have just learned through sworn testimony submitted that the aforesaid `The Marion Plaza, Inc.' owned and operated * * * the Eastwood Mall on June 11, 1998, * * * and that justice requires that [appellants] be given an opportunity to correct the defect in the original complaint."
{¶ 7} However, no amended complaint was attached. The record as presented to this court does not reflect a written ruling on appellants' motion for leave to amend the complaint.
{¶ 8} In their response in opposition to the Cafaro Company's motion for summary judgment, appellants maintained that Ashley's attack was reasonably foreseeable because Mr. Kollar admitted in his affidavit that a similar incident of violence occurred in a common area of the Eastwood Mall within a period of two years prior. Also, according to hearsay accounts contained in Ashley's mother's affidavit, her daughter's assailants were in the Eastwood Mall earlier that night causing trouble and being loud.
{¶ 9} At the appellate oral arguments, it was suggested that during the hearing on the motion for summary judgment, the issue of whether the Cafaro Company was, indeed, the proper defendant was addressed. A review of the transcript of the docket reveals that on August 3, 2001, the trial court held a hearing on the summary judgment exercise.
{¶ 10} Absent from the record on appeal, however, is a transcript of this hearing. We note that in its motion for summary judgment and in its answer, the Cafaro Company denied that it was the proper defendant. Thus, at the time of the hearing, the record does reflect that all the parties and the trial court were aware that there was an issue as to whether the Cafaro Company was the proper defendant.
{¶ 11} On August 6, 2001, the trial court granted the Cafaro Company's motion for summary judgment without reason. It is from this judgment that appellants appeal, advancing a single assignment of error and reiterating the arguments set forth in their response in opposition to the Cafaro Company's motion for summary judgment.
{¶ 12} Before we address the merits, we must consider a procedural issue implicit in this appeal; that is, were or should appellants have been granted leave to amend their complaint to substitute Marion Plaza as the named defendant for the Cafaro Company. Based on any one of several theories, we answer both queries in the negative.
{¶ 13} As mentioned earlier in this opinion, the record shows that the trial court never issued a written ruling on appellants' motion for leave to amend the complaint. "`Generally, when a trial court fails to rule on a motion, the appellate court will presume the trial court overruled the motion.'" Karlen v. Carfangia (June 2, 2001), 11th Dist. No. 2000-T-0081, 2001 WL 589381, at 3, quoting Dozer v. Dozer (1993),88 Ohio App.3d 296, 303. See, also, Solon v. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347, 351-352. Thus, for purposes of appeal, we assume that the trial court, in failing to issue a written response to appellants' motion for leave to amend the complaint, impliedly denied the motion.
{¶ 14} Despite that fact, on appeal, appellants claim that "[n]amed as defendant was The Cafaro Company, * * * as subsequentlyamended to the Marion Plaza, Inc. * * *." (Emphasis added.) This is simply not true. An amended complaint substituting Marion Plaza as the named defendant for the Cafaro Company was never filed with the trial court.[3] Moreover, the fact that the Cafaro Company was not the proper defendant does not necessarily imply that Marion Plaza automatically becomes the proper party in interest to the lawsuit. To the contrary, there was no ruling that Marion Plaza was to be the substituted party defendant to the instant action. Nor was there ever an amended complaint submitted.
{¶ 15} We further determine that the trial court did not error in refusing to grant appellants' leave to file an amended complaint. The decision to grant leave to file an amended complaint is within trial court's sound discretion. Absent an abuse of discretion, this court will not reverse the trial court's determination. Csejpes v. ClevelandCatholic Diocese (1996), 109 Ohio App.3d 533, 541; Easterling v. Am.Olean Tile Co., Inc. (1991), 75 Ohio App.3d 846, 850. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
{¶ 16} "This court's role is to determine whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made." Wilmington Steel Products, Inc. v.Illuminating Co. (1991), 60 Ohio St.3d 120, 122. In other words, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.
{¶ 17} In the instant matter, appellants' motion for leave to file an amended complaint was filed after the litigation in this case had been ongoing for over two years, and more than a month after the Cafaro Company filed its motion for summary judgment claiming that it was not the owner of the Eastwood Mall. Moreover, in their August 16, 1999 answer, the Cafaro Company denied maintaining and operating the Eastwood Mall as asserted by appellants in their complaint.[4] In fact, discovery, such as deposing appellants, requesting production of documents and answering interrogatories, was completed.
{¶ 18} Other than claiming that they had "just learned" that Marion Plaza was the owner and operator of the Eastwood Mall at the time of the assault, appellants' motion offered no explanation for the delay. Rather, appellants waited for more than two years to determine and/or investigate who was the proper owner of the Eastwood Mall at the time of the assault. As such, appellants' motion can be categorized as having been made in bad faith and with undue delay because they were well aware from the outset of the litigation through the Cafaro Company's answer that it was not the proper owner of the Eastwood Mall. For this reason alone, the trial court would not have abused its discretion by disallowing appellants' motion for leave to amend its complaint so late in the proceedings.
{¶ 19} Finally, it is entirely possible that the trial court did address the request for leave to amend during the summary judgment hearing. As has been noted, both the answer and the motion for summary judgment had denied ownership by Cafaro Company. It would have been entirely appropriate for the trial court to have heard argumentation on this issue at this time. The judgment entry certainly did not preclude this possibility. Absent a transcript, we can presume regularity by the trial court in its consideration of the motion for leave, in conjunction with the motion for summary judgment, at that time. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
{¶ 20} Having resolved our procedural concerns, we return to the instant appeal. In order to maintain a negligence action, a plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of that duty. Jeffers v.Olexo (1989), 43 Ohio St.3d 140, 142; Collins v. Sabino (Aug. 29, 1997), 11th Dist. No. 96-T-5590, 1997 WL 531246, at 2. Essentially:
 {¶ 21} "the existence of a duty is fundamental to establishing actionable negligence. `* * * If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.'" (Citation omitted and emphasis added.) Jeffers at 142. See, also, Collins at 2.
{¶ 22} Our review of the record reveals that appellants failed to establish an issue of material fact as to whether the Cafaro Company was the owner of the Eastwood Mall on June 11, 1998, when Ashley was attacked. As explained earlier in this opinion, during the summary judgment exercise, the Cafaro Company submitted three affidavits demonstrating that it did not own, operate, maintain, or have any management responsibilities in relation to the Eastwood Mall on June 11, 1998, but that Marion Plaza was, in fact, the property owner at that time. As such, the Cafaro Company did not owe any duty to appellants to protect them from the injurious criminal acts of a third party. Consequently, appellants did not have an actionable claim for negligence against the Cafaro Company.
{¶ 23} Accordingly, there was no issue of whether the assault and battery of Ashley was foreseeable by the Cafaro Company because the company was not the premise owner at the time of the attack. Hence, the trial court did not error in granting the Cafaro Company's motion for summary judgment on that basis alone.
{¶ 24} Even if this court were to assume, arguendo, that the Cafaro Company was the owner of the Eastwood Mall, the trial court could still have rejected the merits of appellants' claim.
{¶ 25} According to appellants, the property owner owed a duty to Ashley to protect her against the injurious criminal actions of a third party. In sole support of their position, appellants maintain that Ashley's attack was reasonably foreseeable because a similar incident of violence occurred in a common area of the Eastwood Mall within a period of two years prior, and according to the hearsay statements attested to by Ashley's mother, her daughter's assailants were seen in the Eastwood Mall earlier that night causing trouble and being loud.
{¶ 26} "Because of the special relationship between a business and its customer, a business `may be subject to liability for harm caused to such a business invitee by the conduct of third persons that endangers the safety of such invitee.'" Reitz v. May Co. Dept. Stores (1990),66 Ohio App.3d 188, 191, quoting Howard v. Rogers (1969), 19 Ohio St.2d 42, paragraph one of the syllabus. See, also, White v. Euclid Square Mall
(1995), 107 Ohio App.3d 536, 539. The existence of this duty is dependent upon the foreseeability of the harm. White at 539; Reitz at 191; Collins
at 3.
{¶ 27} The foreseeability of criminal acts depends upon the knowledge of the defendant-business based on the totality of the circumstances. White at 540; Feichtner v. Cleveland (1994),95 Ohio App.3d 388, 396; Reitz at 192; Collins at 3. In other words "the totality of the circumstances must be somewhat overwhelming before a business will be held to be on notice of and therefore under the duty to protect against the criminal acts of others." (Emphasis added.) Reitz at 193-194. See, also, White at 540; Cole v. Pine Ridge Apts. Co. II, 11th Dist. No. 2000-L-020, 2001-Ohio-8788, 2001 Ohio App. LEXIS 5854, at 15;Collins at 3.
{¶ 28} In the present matter, appellants failed to demonstrate that the property owner of the Eastwood Mall had a special duty of care to protect Ashley from the criminal actions of a third party. One reason is because appellants' evidence contained inadmissible hearsay, which cannot be considered for summary judgment purposes. Salmon v. Jordan
(Nov. 12, 1999), 11th Dist. No. 98-P-0096, 1999 WL 1074112, at 2.
{¶ 29} For instance, appellants' claim that prior instances of criminal activity occurred at the Eastwood Mall is purely hearsay, and not based on personal knowledge. Specifically, Ashley's mother, Vicki, explained in her deposition testimony that she was told by store clerks that, at some point in the past, an individual was beat up in the store. Also, in Vicki's affidavit, she averred that "the clerk at a store called 5-7-9 told me [the] four girls [that assaulted Ashley] were in the Eastwood Mall earlier that night causing trouble and being very loud."
{¶ 30} Further, appellants did not provide any evidence, other than a hearsay on hearsay assertion, that the Eastwood Mall only employed two security guards, and that such a number was insufficient.[5] Thus, appellants have failed to support their claim that the property owner negligently provided inadequate security personnel.
{¶ 31} As for a single incident of violence that occurred in the common areas of the Eastwood Mall within a period of two years prior to Ashley's attack, this is not enough to establish liability. Considering the totality of the circumstances, one prior similar incident of crime at the same location that occurred before the instant event is not sufficient, as a matter of law, to give rise to a special duty of care.Reitz at 194; Collins at 4. "Were we to conclude otherwise, after one incident of crime, business owners would become insurers of the safety of their patrons from random criminal acts. We decline to impose such an onerous burden upon them absent `overwhelming circumstances.'" Collins at 4.
{¶ 32} Based on the foregoing analysis, appellants' lone assignment of error is without merit, and the judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., concurs in judgment only with Concurring Opinion, WILLIAM M. O'NEILL, P.J., dissents with Dissenting Opinion.
[1] As an aside, we note that if the Cafaro Company is not the proper party, it does not have standing to make arguments on behalf of Marion Plaza. As stated by Mr. Matune in his affidavit, "[t]he Cafaro Company had no ownership interest in any legal entity which owned the premises known as the Eastwood Mall."
[2] The depositions of Ashley and Vicki were filed with the trial court.
[3] While appellants claimed that the Cafaro Company and Marion Plaza allegedly shared the same statutory agent, this fact is only relevant as to whether any amended complaint would relate back to the original pleading. See Civ.R. 15(C). See, also, Cecil v. Cottrill,67 Ohio St.3d 367,370, 1993-Ohio-225.
[4] The complaint alleged that "Defendant THE CAFARO COMPANY ("Cafaro") is a corporation incorporated in the State of Ohio which transacts business in the State of Ohio and County of Trumbull and which maintains and operates a principal retail facility in said state and county called the Eastwood Mall." In their answer, the Cafaro Company only admitted that Ashley was involved in an altercation while at the Eastwood Mall and admitted that the Cafaro Company was an Ohio Corporation. However, the Cafaro Company "denie[d] each and every allegation of [appellants'] complaint not previously admitted to be true."
[5] {¶ a} As to this point, Vicki's affidavit contained the following averment:
 {¶ b} "7. * * * [M]y husband arrived. He said to the security guards and the mall manager words to the effect `How could something like this possibly happen inside the mall.' One of the guards said `Sir, there are only two of us.' * * *"