JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Gregory Stepanyan, appeals the trial court's granting summary judgment for defendant-appellee, Leonid Kuperman. Finding no merit to the appeal, we affirm.
 {¶ 2} Kuperman bought a used Mercedes for his daughter, Olga, who is married to Stepanyan. Kuperman took the car to Advanced Auto Care ("AAC") for inspection. AAC determined that the trailer hitch was an aftermarket product and offered to further inspect the hitch.[1]
Kuperman declined because the hitch would *Page 2 
never be used. He drove the car to his daughter's home and parked it in the garage. That evening, the vehicle caught fire. A forensic mechanic determined that the fire was caused by an improperly insulated trailer hitch. Stepanyan sued his father-in-law and his father-in-law's insurer for the $40,000 in damage to his house, claiming negligence.[2]
 {¶ 3} Kuperman moved for summary judgment, which the trial court granted. Stepanyan argues in his sole assignment of error that the trial court erred in granting summary judgment. He claims that, because Kuperman was given actual notice about the trailer hitch and did not allow AAC to further inspect the hitch, he is liable for negligence.
 {¶ 4} To be liable for negligence, Kuperman must owe a duty to Stepanyan, have breached that duty, and that breach must be the proximate cause of the damages. Texler v. D.O. Summers Cleaners ShirtLaundry Co., 81 Ohio St.3d 677, 1998-Ohio-602, 693 N.E.2d 271.
 {¶ 5} Furthermore, "the existence of a duty depends upon the foreseeability of the injury. * * * The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." Menifee v. Ohio Welding Products, Inc. (1984), *Page 3 15 Ohio St.3d 75, 77, 472 N.E.2d 707, 710. In addition, it is generally recognized that where the defendant "in fact has knowledge, skill, or even intelligence superior to that of the ordinary person, the law will demand of that person conduct consistent with it." Prosser Keeton on Torts, (5 Ed.1984) at 185, Section 32.
 {¶ 6} We find that Stepanyan failed to show that Kuperman possessed superior knowledge regarding the dangerous nature of the trailer hitch or that the fire from a malfunction of the wiring in the trailer hitch was foreseeable. Stepanyan relies on the affidavit of an AAC employee who averred that AAC told Kuperman that he wanted to inspect the trailer hitch to see if it was properly installed, and the fact that Kuperman declined the offer of further inspection. AAC did not put Kuperman "on notice" that the hitch was improperly installed or that an improper installation could pose a danger. Kuperman had no knowledge of any problems associated with the trailer hitch, only that it was not original to the vehicle. Moreover, the forensic mechanic who inspected the vehicle stated that "knowledge of the failure would not have been available to the driver of the vehicle prior to the event." Because the foreseeability of harm depends on Kuperman's knowledge, and Kuperman had no knowledge, we find that the fire was not foreseeable. SeeMenifee, supra.
 {¶ 7} The lack of foreseeability negates both the existence of an underlying duty and the element of proximate cause necessary to establish a prima facie case *Page 4 
of negligence. See Sabat v. Garfield Mall Assocs., Cuyahoga App. No. 87227, 2006-Ohio-4764.
 {¶ 8} Therefore, the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J. CONCURS; ANTHONY O. CALABRESE, JR., J. DISSENTS (WITH SEPARATE OPINION)
[1] Stepanyan uses the word "aftermarket" as though it were synonymous with "defective." But an aftermarket part is simply an automobile part made by someone other than the manufacturer of the automobile. Its inherent nature is no better or worse than a part fabricated by the automobile's manufacturer.
[2] Stepanyan later dropped his claim against the insurer.