DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Brenda Rodgers ("Rodgers"), appeals from the decision of the Summit County Court of Common Pleas granting summary judgment to Appellee, Holland Oil, for the alleged wrongful death of her son, Khayree Rodgers ("Khayree").
 I. {¶ 2} On April 2, 2002, three televisions and a VCR were stolen from William Alexander's ("Alexander") car. Alexander discovered a hamburger wrapper on the car seat that he believed the intruder had left. In an attempt to identify the intruder, he went to a local gas station to determine if they sold that *Page 2 
particular brand of hamburger. He was informed that the Citgo gas station, owned by Holland Oil, carried the hamburgers in question. Alexander and a friend, Arthur Wilson ("Wilson"), went to the Citgo and spoke with the employees of Holland Oil about whether anyone had purchased a hamburger during the early hours of April 2, 2002. An employee informed them that someone had purchased a hamburger and Alexander requested to see the surveillance tape to determine if he recognized the customer. The Holland Oil employee showed Alexander and Wilson the videotape. The videotape showed Khayree purchasing a hamburger. Alexander concluded that Khayree had broken into his vehicle.
 {¶ 3} In the days after they viewed the videotape, Alexander and Wilson searched for the man depicted on the videotape. While driving around, Alexander and Wilson saw Khayree, whom they believed to be wearing the same clothes as the man in the videotape. Wilson attempted to shoot Khayree but the gun malfunctioned. Alexander and Wilson purchased another gun and along with Calvin Hunt ("Hunt") continued to look for Khayree. Upon observing him, Alexander, Wilson and Hunt cornered Khayree in a parking lot and Alexander shot him. While Rodgers states in her brief that Khayree was murdered on the night of April 2, 2002 or the early morning hours of April 3, 2002, Holland Oil contends he was murdered on April 5, 2002. A review of the record supports Holland Oil on this issue. Therefore, Khayree was murdered three days after *Page 3 
Alexander and Wilson viewed the surveillance tape and not the day of, as Rodgers suggests.
 {¶ 4} On April 8, 2004, Wilson pled guilty to complicity to the murder of Khayree. On November 18, 2004, Hunt pled guilty to involuntary manslaughter. On July 22, 2004, Alexander was convicted of murdering Khayree. On December 30, 2006, Rodgers filed the instant action against Holland Oil, Alexander, Wilson, and Hunt, seeking damages for the wrongful death of her son, Khayree. Specifically, she alleged that Holland Oil assisted Alexander, Wilson and Hunt in causing the death of her son by negligently providing them with the surveillance footage. Holland Oil filed a motion to dismiss and/or a motion for summary judgment. On April 13, 2007, the trial court granted Holland Oil's motion for summary judgment finding that Holland Oil did not owe a duty to Khayree. On May 8, 2007, Rodgers dismissed Defendants Alexander, Wilson and Hunt. On May 10, Rodgers filed her notice of appeal from the trial court's grant of summary judgment in favor of Holland Oil. Rodgers has asserted one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AGAINST [RODGERS]. [HOLLAND OIL] OWED A DUTY TO DECEDENT [KHAYREE]." *Page 4 
 {¶ 5} Rodgers contends that the trial court erred by granting summary judgment to Holland Oil and that Holland Oil owed a duty to Khayree. We do not agree.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id., at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings *Page 5 
but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} In the instant case, Holland Oil moved for summary judgment arguing that it did not owe a duty to Khayree and that any actions or inactions of its employees did not proximately cause the death of Khayree. Rodgers responded, contending that she had stated a sufficient factual basis to establish that a genuine issue of material fact existed as to whether Holland Oil owed a duty to Khayree and was negligent in causing his death. Rodgers argued that Khayree's death was reasonably foreseeable from the action of showing the videotape and that Holland Oil owed Khayree a duty due to the special nature of his status as a business invitee. She further argued that whether a Holland Oil employee showed the videotape was a material fact at issue. As she correctly pointed out in her response to the summary judgment motion, both deposed employees denied showing the videotape. However, Holland Oil, in its motion for summary judgment did not dispute this fact. Rather, it assumed this fact to be true. As such, this bolsters Rodgers' case, and therefore her argument that this fact is a question for the jury is without merit. Accordingly, we will review this case under the assumption that the videotape was shown on the night in question.
 {¶ 10} A plaintiff alleging a wrongful death claim on a theory of negligence must show that the defendant owed a duty to the decedent, a breach of that duty, *Page 6 
and that the breach of that duty was the proximate cause of the plaintiffs injuries. Littleton v. Good Samaritan Hosp. HealthCtr. (1988), 39 Ohio St.3d 86, 92. Whether a duty exists is a question of law for the court. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. Therefore, the issue upon appeal is whether the showing of the videotape breached a duty that Holland Oil may have had to Khayree and whether that breach was the proximate cause of Khayree's death.
 {¶ 11} The trial court found that Holland Oil did not owe a duty to Khayree and was entitled to judgment as a matter of law. The court determined that Khayree was a business invitee of Holland Oil and that any duty Holland Oil had to Khayree ceased when he left the premises. The court further found that Khayree's murder was not reasonably foreseeable.
 {¶ 12} The parties agree that as a customer of Holland Oil, Khayree was a business invitee. In Ohio, "`[a] business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner.'" (Emphasis added.) Spicer v. Rich, 9th Dist. No. 21295, 2003-Ohio-2639, at ¶ 12, quoting Simpson v. Big BearStores Co. (1995), 73 Ohio St.3d 130, syllabus.
 {¶ 13} In the instant case, Khayree was not murdered on the Holland Oil premises. Rodgers' argument on appeal would require us to extend this well settled area of law to criminal acts of third parties that occur off the business *Page 7 
premises. Rodgers cites no case law to support this contention, nor does our research provide any. Accordingly, we agree with the trial court's assessment that "[a]ny duty [Holland Oil] may have owed [Khayree], by virtue of being a business, which invited [Khayree] and others onto their property for the purpose of conducting business, ceased when [Khayree] left [Holland Oil] property." Finding the special relationship had ceased by the time of Khayree's murder; we turn to determine whether Holland Oil owed him a duty based on the foreseeability of injury.See Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77
(explaining that "[t]he existence of a duty depends on the foreseeability of the injury.")
 {¶ 14} We note that at times, Rodgers argues that Holland Oil owed Khayree a duty based on the special relationship found in premises liability. While we agree that Holland Oil owed Khayree a duty while he was on its premises, we cannot and will not extend this liability to acts of third parties that occur several days later, off the property. Therefore, any argument based on premises liability is inapplicable to the facts at hand.
 {¶ 15} Rodgers also argues, not that the special relationship between a business owner and his customer created a duty to control the conduct of third parties, but rather that Holland Oil was negligentitself for creating a risk of harm that resulted in foreseeable injury. See Cincinnati v. Beretta U.S.A. Corp., 95 Ohio St.3d 416,2002-Ohio-2480, at ¶ 19. This contention presents an internal *Page 8 
inconsistency with her contention that the duty was based on premises liability. However, as we have disposed of any claims based on premises liability, we will ignore the apparent inconsistencies in Rodgers' argument and review the facts to determine whether Holland Oil owed Khayree a duty based on the foreseeability of the harm. In other words, we will not look at whether Holland Oil owed Khayree a duty to protect him from a substantial risk of harm of criminal acts of thirdparties, but whether it owed him a duty to protect him from itsown actions that may create a reasonably foreseeable harm. We find that, in the instant case, Khayree's murder was not a reasonably foreseeable injury and that summary judgment was proper.
 {¶ 16} Rodgers asserts that "Holland Oil [knew], or should have known that showing the videotape of Khayree Rodgers, a business invitee of Holland Oil, buying a hamburger to unknown third persons created a substantial risk of harm to Khayree Rodgers." We do not agree.
 {¶ 17} In Ohio, whether a duty exists depends on the foreseeability of injury. Menifee, 15 Ohio St.3d at 77. Injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone. Mudrich v. Std. Oil Co. (1950), 153 Ohio St. 31, 39. Foreseeability is determined by whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or non-performance of the act. Menifee, supra, at 77. *Page 9 
 {¶ 18} The trial court found that "there is no evidence that the [Holland Oil] employee(s) who showed the tape to [Alexander] and Wilson were put on notice as to [Alexander's] or Wilson's intentions to murder (or in any way injure) the customer depicted on the video." The trial court then noted that Rodgers presented evidence that the Holland Oil premises was located in a "high-crime" area, but that
 "[d]espite these circumstances, there is no evidence to suggest that the [Holland Oil] employee who showed the tape knew that [Alexander], Wilson and Hunt would subsequently hunt down and murder [Khayree]. Although the [Holland Oil] employee was told that the customer depicted on the surveillance tape was alleged to have broken into [Alexander's] vehicle, it is not foreseeable, as a matter of law, that [Alexander] and his criminal co-defendants would seek to vindicate the theft with murder."
 {¶ 19} We agree with this reasoning. To support her argument that Holland Oil knew or should have known that showing the videotape would create a substantial risk of harm, Rodgers presented Alexander's statement to the police. In this statement, he states that he informed the Holland Oil employees that "somebody had broke in my car and he dropped that and that if they let me see the camera or something I might be able to identify the person." She further presented Wilson's statement to police. Wilson's statement only confirmed that they were shown the video, not what they may or may not have told Holland Oil employees with regard to their intentions.
 {¶ 20} Rodgers also states that a manager of Holland Oil, Shannon Supplee ("Supplee") agreed during her depositions that physical harm was foreseeable in *Page 10 
the instant case. However, after a thorough review of this deposition, we find that Rodgers has misconstrued Supplee's statements. First, after being given a series of possibilities that could arise from the viewing of the videotape, Rodgers' counsel asked the manager if "you would agree with me that one of the possibilities is that they could try to do harm to the person that they saw in the videotape[.]" (Emphasis added.) Supplee answered in the affirmative. However, as we stated above, foreseeability is determined by whether a reasonably prudent person would have anticipated that an injury was likely to result, not whether there was a mere possibility. Menifee, supra, at 77. Therefore, Rodgers' reliance on this statement is misplaced. Second, Rodgers states that Supplee "indicated that it was foreseeable that harm could come from showing the videotape[,]" after Supplee agreed that she would personally do harm to someone if he broke into her car. However, Supplee then stated "I wouldn't shoot them, but I'd give them a flat tire or something." We note that there was more to this deposition than Rodgers pointed out in her brief. After Supplee made this statement, she stated that she would go to the police. She further explained:
 "A: I couldn't stab their tire, but I'd have them-if I could have them put in jail, I would. I would make a police report and I would want to make sure that they got a ticket and paid a fine and fixed my car.
 "Q: But that's not the first thing you said. The first thing you said is that you could understand that, and you might do something to them like flatten their tire, is that correct?
 "A: In my little dream world, yeah, but I also feel a little pressure from you jumping down my throat. *Page 11 
 "* * *
 "Q: Well, you just indicated you might do that, that you might commit a crime in response to that, correct?
 "* * *
 "A: No.
 "* * *
 "Q: Do you think I've been unfair to you?
 "* * *
 "A: I think you're kind of pressuring me to make hasty things. I don't know.
 "Q: Are there any answers that you've given that you'd like to take back?
 "* * *
 "A: I wouldn't really stab somebody's tires. I'm not that kind of person."
 {¶ 21} Supplee's statement does not, as Rodgers suggests, contradict Holland Oil's claim that no duty existed because it was unpredictable and unforeseeable that showing a videotape might cause a third party to cause harm to someone else. Further Rodgers deposed another manager of Holland Oil who was on duty the night in question. Interestingly, while Rodgers places heavy emphasis on Supplee's statement, she does not mention a similar hypothetical given to Mike Merchant, also a Holland Oil manager who was on duty the day in question, during his deposition: *Page 12 
 "Q: Let's talk about if somebody were shown a videotape and it showed somebody who they thought broke into their car. They could, one, do nothing about it and just decide, well I guess I can't do anything about it. They could call the police. They could decide to take matters into their own hands. I mean, do you think those are all reasonable possibilities?
 "* * *
 "A: I don't think they're all reasonable possibilities. They're all possibilities."
It is clear that the managers did not foresee that upon viewing the videotape, Alexander and Wilson would attempt to harm Khayree. Further, a reasonable person could not have anticipated the likelihood that Alexander and Wilson would hunt down, attempt and fail to shoot Khayree, obtain another gun, recruit a third person, then shoot and kill Khayree. In the absence of a special relationship, i.e., the business owner-invitee relationship, "there is no common-law duty to anticipate and foresee criminal activity. Thus, the law usually does not require the prudent person to expect criminal activity of others." Williams v.Prospect Mini Mart, 11th Dist. No 2002-L-084, 2003-Ohio-2232, at ¶ 19. Therefore, as a matter of law, Holland Oil did not owe Khayree a duty. As Rodgers has failed to establish that a material fact exists as to whether Holland Oil owed a duty to Khayree, summary judgment was properly granted. Rodgers' assignment of error is overruled. *Page 13 
 III. {¶ 22} Rodgers' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 14 
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1