OPINION
{¶ 1} Appellant, Joseph Wilson, Administrator of the Estate of Nicholas Wilson, *Page 2 
appeals a decision of the Clermont County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Superior Foundations, Inc., Superior Footings Walls, Inc., and Michael J. Hancock; and the intervening parties, Citizens Insurance Company ("Citizens") of America and Owners Insurance Company ("Owners"). For the reasons that follow, the decision of the trial court is affirmed.
 {¶ 2} On May 30, 2002, Nicholas Wilson (the "decedent") was killed when an unsecured concrete and steel construction basket tipped and fell from a dolly as he was moving it during the course of employment. At the time, the decedent was acting as an employee of either appellee Superior Footings Walls, Inc. or its sister company, appellee Superior Foundations, Inc. Appellee Hancock is the president and sole shareholder of each of these companies. Appellant's complaint stated claims of negligence and intentional tort against each of the companies, as well as Hancock in his individual capacity under the theory of piercing the corporate veil.
 {¶ 3} Hancock owned a homeowner's insurance policy that had been issued by Citizens. The companies were insured under a commercial general liability insurance policy through Owners. Citizens and Owners each intervened requesting declaratory relief as to their respective duties to defend and indemnify their insureds.
 {¶ 4} All of the defendants requested summary judgment as to all claims. The trial court granted summary judgment on all claims except the negligence claim against Superior Foundations, Inc. This appeal follows. On appeal, appellant argues that the trial court erred in granting summary judgment on the claims against appellees. Appellant raises three assignments of error.
 {¶ 5} This court reviews de novo a trial court's decision granting summary judgment. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is appropriate where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to *Page 3 
judgment as a matter of law; and (3) it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); WelcoIndus., Inc. v. Applied Cos., 67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred when it determined that there was no genuine issue of material fact as to whether the decedent's death was the result of intentional misconduct of any or all appellees. The trial court determined that appellant had failed to present evidence of a genuine issue of material fact as to appellees' intent. In Fyffe v. Jeno's,Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus, the Ohio Supreme Court stated that, in order to prove intent, the plaintiff must demonstrate:
 {¶ 7} "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task."
 {¶ 8} Because we find it to be dispositive, we focus on the second element of the Fyffe test. The Fyffe court explained the knowledge and substantial certainty requirements as follows:
 {¶ 9} "[P]roof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the *Page 4 
employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk-something short of substantial certainty-is not intent."Fyffe at paragraph two of the syllabus.
 {¶ 10} On summary judgment, the second element of the Fyffe test requires that appellant present evidence of a genuine issue of material fact as to whether the employer had knowledge that harm was substantially certain to occur. Appellant argues that he met this burden because he demonstrated through the affidavit of a professional engineer and the deposition of Hancock that insufficient training and safety equipment were provided to the decedent. Specifically, appellant argues that the defendants did not (1) provide training to the decedent in the proper methods of transporting the baskets or use of head protection; (2) supply adequate strapping to secure baskets to the cart; and (3) provide adequate rigging methods and procedures to prevent accidents.
 {¶ 11} However, the record reflects that the decedent was not required to take the cart over the steep apron of the driveway as part of his job. Rather, he was required to take the cart only to a point where the basket could be moved by crane onto a truck. The record reflects that the decedent took the cart further down the drive, toward the steep grade of the apron, than was necessary to complete his job. Under these circumstances, actual knowledge of the substantial certainty of harm is not proven. See Spurlock v. Buckeye Boxes, Inc., Franklin App. No. 06AP-291, 2006-Ohio-6784, ¶ 9.
 {¶ 12} Furthermore, the record reflects that the decedent actually received the safety equipment appellant alleges was lacking. He was provided access to a hard hat and was instructed to use it. In addition, clamps to secure baskets to the dollies were provided to the decedent. The decedent did not use either type of safety equipment on the day of the *Page 5 
accident. The decedent died of a head injury that occurred when he was struck by the falling basket. While the employer's failure to ensure that its employees were using available safety equipment "might indicate negligence, or even recklessness, such actions fall short of the higher standard of substantial certainty. The mere knowledge and appreciation of a risk does not constitute intent." Foust v. Magnum Restaurants,Inc. (1994), 97 Ohio App.3d 451, 456; see also Robinson v. Icarus Indus.Constructing Painting Co. (2001), 145 Ohio App.3d 256, 262 ("when safety devices or rules are available but are ignored by employees, the requisite knowledge of the employer is not established"); Moore v. OhioValley Coal Co., Belmont App. No. 05 BE 3, 2007-Ohio-1123, ¶ 41 (the failure to follow established safety measures is fatal to an employer intentional tort claim").
 {¶ 13} Under these circumstances, appellant has failed to meet his burden of production to overcome summary judgment on the employer intentional tort claim. For the foregoing reasons, appellant's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, appellant argues that the trial court erred when it concluded that no genuine issue of material fact existed as to whether appellant should be able pierce the corporate veil to reach Hancock in his individual capacity. "A fundamental rule of corporate law is that, normally, shareholders, officers, and directors are not liable for the debts of the corporation." Saurber v.McAndrews, Butler App. No. CA2003-09-239, 2004-Ohio-6927, ¶ 24, quotingBelvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.,67 Ohio St.3d 274, 287, 1993-Ohio-119. However, a creditor of a corporation may pierce the corporate veil and reach the assets of the shareholder "when it would be unjust to allow shareholders to hide behind the fiction of the corporate entity." Id. In Belvedere, the Ohio Supreme Court adopted a three-part test for piercing the corporate veil. "In order to disregard the corporate form and hold individual shareholders liable, a plaintiff must show: (1) control over the corporation by those to be held liable was so *Page 6 
complete that the corporation had no separate mind, will, or existence of its own; (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." Saurber at ¶ 25; Belvedere at 289. In Saurber, this court recognized the following factors as relevant to a determination of whether a party exercised dominance and control in the way described in the first prong of Belvedere: "(1) grossly inadequate capitalization, (2) failure to observe corporate formalities, (3) insolvency of the debtor corporation at the time the debt is incurred, (4) shareholders holding themselves out as personally liable for certain corporate obligations, (5) absence of corporate records, and (7) the fact that the corporation was a mere facade for the operations of the dominant shareholder(s)." Id. at ¶ 27.
 {¶ 15} As evidence that the Belvedere test has been met, appellant argues that Hancock owns and is the sole officer of both companies, the two companies performed the same work, the companies did not have separate employees at the time of the decedent's death, Hancock operated both companies out of his home, and Hancock purchased liability insurance coverage on his personal homeowner's policy. These facts, however, do not demonstrate that Hancock abused the corporate form. There is no evidence that either of the companies was undercapitalized. There is no evidence that Hancock failed to observe corporate formalities. There is no evidence of commingling of assets. Under these facts, we find that appellant has failed to establish a genuine issue of material fact as to the first prong of the Belvedere test. As such, the trial court did not err when it entered summary judgment in favor of Hancock. Appellant's second assignment of error is overruled.
 {¶ 16} In his third assignment of error, appellant argues that the trial court erred in granting immunity to any of the defendants under the workers' compensation immunity provision because there was a genuine issue of material fact as to which company employed *Page 7 
the decedent. R.C. 4123.74 provides employer immunity under the workers' compensation statute. It states:
 {¶ 17} "Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation directly to his injured employees or the dependents of his killed employees, whether or not such injury, occupational disease, bodily condition, or death is compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."
 {¶ 18} There is no evidence in the record that Superior Footings 
Walls, Inc. was not in compliance with R.C. 4123.35. In fact, when a claim was made under R.C. 4123.66 for reimbursement of funeral expenses, naming Superior Footings Walls, Inc. as the decedent's employer, the Industrial Commission allowed the claim. The immunity statute focuses on the immunity of the employer, and is explicitly not contingent upon the compensability of the injury under the statutory scheme. The Ohio Supreme Court has stated that workers' compensation benefits are the exclusive remedy for employment related injury and death except under specific circumstances not applicable in this case. Freese v.Consolidated Rail Corp.; City of Cincinnati (1983), 4 Ohio St.3d 5, 7. Superior Footings Walls, Inc. is entitled to immunity under the statute, and the trial court did not err when it granted summary judgment in favor of Superior Footings Walls, Inc. on the negligence claim.
 {¶ 19} We have already determined that liability does not reach Hancock because he is entitled to summary judgment on the issue of piercing the corporate veil. As such, the trial *Page 8 
court did not err when it granted summary judgment to Hancock on the negligence claim. The trial court did not grant summary judgment on this issue with respect to Superior Foundations, Inc.
 {¶ 20} For the foregoing reasons, appellant's third assignment of error is overruled.
 {¶ 21} Judgment affirmed.
 YOUNG, P.J. and WALSH, J., concur. *Page 1